UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

HOWARD COHAN,

    Plaintiff,

vs.                                              INJUNCTIVE RELIEF SOUGHT

SEVEN RESTAURANTS, LLC,
a Foreign Limited Liability company
d/b/a BURGER KING #5921,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues SEVEN RESTAURANTS, a Foreign Limited Liability Company d/b/a BURGER KING #5921 ("Defendant"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

### JURISDICTION AND VENUE

1.    This is a complaint for breach of contract and injunctive relief seeking enforcement of the Confidential Settlement Agreement (copy attached as Exhibit A) reached between Howard Cohan and Goldco, LLC d/b/a Burger King #5921, which arose out of Plaintiff's claim of discrimination caused by certain barriers encountered by Plaintiff on Defendant's property that prevented Plaintiff from the full and equal enjoyment of a place of public accommodation in violation of Title III of the Americans with Disabilities Act.

2. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

3. Venue is proper in this Court, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1391(B) and Internal Operating Procedures for the United States District Court For the Southern District of Florida in that all events giving rise to the lawsuit occurred in Broward County, Florida.

## PARTIES

4. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

5. Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit, and is located at 3 Weston Road, Sunrise, Florida 33326, ("Premises"), and is the owner of the improvements where Premises is located.

6. Defendant is authorized to conduct, and is in fact conducting, business within the State of Florida.

7. Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As such, Plaintiff suffered from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq.*

8. On September 1, 2017, Plaintiff visited Defendant's Premises. At the time of Plaintiff's visit to the Premises on September 1, 2017, Plaintiff required seating which accommodates disabled persons at eating areas and fully accessible restrooms. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

9. Defendant's Premises is a public accommodation as defined by Title III of the ADA and as such is governed by the ADA.

10. Following Plaintiff's September 1, 2017 visit, Plaintiff notified Goldco, LLC, the then-owner of the Property, via letter seeking to force Defendant to comply with the ADA and applicable regulations thereto.

11. Following receipt of the notice, Plaintiff and Goldco, LLC entered into a Settlement Agreement and Release of Claims (Exhibit A).

12. The Settlement Agreement and Release of Claims required Goldco, LLC, which includes its successors (i.e. the named Defendant), to complete all modifications to the Premises within 365 days of the Agreement.

13. Defendant has failed to complete the required modification(s) to the Premises as required by the ADA and the Settlement Agreement and Release of Claims, and Defendant has failed to give notice of any reasons or documentation for non-compliance.

14. Plaintiff again personally visited Defendant's Premises on October 14, 2021, (and prior to instituting this action).

15. Plaintiff, again, required the use of seating which accommodates disabled persons at eating areas and fully accessible restrooms. Plaintiff was denied full and equal access and full

and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he was a "bona fide patron".

16. Following Plaintiff's October 14, 2021 visit, Plaintiff sent a Notice of Non-Compliance of Settlement Agreement to Defendant on January 19, 2022. The Notice of Non-Compliance sent on January 19, 2022 specifically notified Defendant of all modifications not completed in accordance with the prior Settlement Agreement and Release of Claims and new, additional violations of the ADA.

17. To date, Defendant has failed to respond to Plaintiff's Notice of Non-Compliance of Settlement Agreement and, upon Plaintiff's knowledge and belief, has failed to address and correct the continued and new ADA violations.

18. Plaintiff, in his individual capacity, has shown that he will absolutely return to the Premises and avail himself of the services offered when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

19. Plaintiff is continuously aware of the violations at Defendant's Premises and is aware that it would be a futile gesture to return to the Premises as long as those violations exist, and Plaintiff is not willing to suffer additional discrimination.

20. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.

21. Plaintiff would like to be able to be a patron of the Premises in the future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein.

Plaintiff will continue to be precluded from using the Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

22. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to Premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.  Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises, encountered barriers to access at Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.  It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

23. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

24. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 23 above as if fully stated herein.

25. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

26. Congress found, among other things, that:

   a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

   d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria,

    segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

  e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3),(5) and (9).

  27. Congress explicitly stated that the purpose of the ADA was to:

  a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

  b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

U.S.C. § 12101(b)(1)(2) and (4).

  28. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith.

  29. Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as

prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Plaintiff has visited Premises, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

31. Plaintiff would like to return and enjoy the goods and/or services at Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendant's failure and refusal to provide disabled persons with full and equal access to its facilities. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

32. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for any subsequent violation.

33. Based on a preliminary inspection of the Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

**Outdoor Seating**

a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

b. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Indoor Seating**

c. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

d. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

**Men's Restroom**

e. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

f. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

g. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

h. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

      i. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.5.2.

      j. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3 (toilet paper dispenser)

34. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 33 herein.

35. Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

36. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

37. As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Premises, or portions thereof, existed and was occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

38. To the extent the Premises, or portions thereof, was constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

39. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. § 12205.

40. All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

41. In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 32 herein can be applied to the 1991 ADAAG standards.

42. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the Subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. That this Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

4. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

5. That this Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II
## BREACH OF CONTRACT

39. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 23 above as if fully stated herein.

40. On or about December 14, 2017, Plaintiff and Defendant entered into a Settlement Agreement and Release of Claims. (Exhibit A). Through this Settlement Agreement and Release of Claims, Defendant agreed to make modifications to Defendant's Premises as outlined in the agreement. The Settlement Agreement and Release of Claims required Defendant to complete all modifications to the Premises by on or about December 14, 2018.

41. Plaintiff has performed all conditions precedent to be performed by him under the Settlement Agreement and Release of Claims.

42. Since December 14, 2018, Defendant has failed to complete the modifications promised in the Settlement Agreement and Release of Claims. Specifically, Defendant has failed to address the following violations:

   i. In the outdoor dining area, provide at least 5 percent (5%) of the seating spaces and standing spaces at the dining surfaces to comply with Sections 226.1 and 902 of the 2010 ADA Standards.

   ii. In the playground area, place a handicap seating sticker on at least one accessible table.

    iii. In the main dining area, place a handicap seating sticker on at least one accessible table.

    iv. In the men's restroom, adjust the door pressure in accordance with Section 404.2.9 of the 2010 ADA Standards.

    v. In the men's restroom, re-position the water closet so that the centerline of the water closet is 16" minimum to 18" maximum from the side wall to comply with Section 604.2 of the 2010 ADA Standards.

    vii. In the men's restroom stall, re-mount the toilet paper dispenser below the side grab bar 7"-9" in front of the water closet to the centerline of the dispenser in accordance with Section 609.3 of the 2010 ADA Standards.

    viii. In the men's restroom, insulate the lavatory pipes or otherwise configure to protect against contact to comply with Section 606.5 of the 2010 ADA Standards.

43. Plaintiff has been damaged by the Defendant's breach of the Settlement Agreement and Release of Claims. Specifically, Plaintiff has had to retain the services of the undersigned attorney to pursue this action for breach of contract.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court declares that Defendant has failed to comply with the Settlement Agreement and Release of Claims;

2. That this Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff and as provided in the Settlement Agreement and Release of Claims; and,

4. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated May 6, 2022.

**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email:** samantha@sconzolawoffice.com
**Secondary Email:** alexa@sconzolawoffice.com
**Secondary Email:** natalia@sconzolawoffice.com